UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GOLDEAN WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-278 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| ZWICKER & ASSOCIATES, P.C., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 12] referring Plaintiff's Motion for Emergency Protective Order and Motion to Quash [Doc. 11] to the undersigned for disposition.

On March 6, 2013, counsel for the Plaintiff received Notices of Deposition from counsel for the Defendant, setting depositions of the Plaintiff and her sister Donna Hampton to take place March 14, 2013, in Knoxville, Tennessee. On March 10, 2013, the Plaintiff filed the Motion for Emergency Protective Order and Motion to Quash that is now before the Court. The parties were originally set to appear before the undersigned on March 12, 2013, but counsel agreed to delay the depositions and the hearing on the Motion for Emergency Protective Order and Motion to Quash. Instead, the parties appeared telephonically before the undersigned on March 19, 2013, to address this motion. Attorney Matt Gulotta was present representing the Plaintiff, and Attorney Robert Thuotte was present representing the Defendant.

In the Motion for Emergency Protective Order and Motion to Quash, Plaintiff requests a protective order establishing certain parameters for her deposition and the deposition of Ms. Hampton, including court supervision. Plaintiff submits that her attorney "fears for the safety and

wellbeing of his client if the noticed deposition is allowed to go forward without the supervision of this Honorable Court." [Doc. 11 at 1]. This assertion that a protective order is appropriate is tied to a Motion for Sanctions [Doc. 10], which Plaintiff withdrew on March 20, 2013. Plaintiff also asserts that the notice of the deposition was not sufficient to allow her time to travel to the Eastern District of Tennessee.

The Defendant has responded in opposition to the Motion for Emergency Protective Order and Motion to Quash. [Doc. 13]. The Defendant vigorously denies that any protective measures are needed to ensure the deponents' safety or well-being at the depositions. The Defendant maintains that the notice of the depositions afforded to the deponents was sufficient. Defendant agreed, prior to hearing before the undersigned, to delay the deposition until the Plaintiff could be heard on her motion.

For the reasons more fully explained at the hearing, the Court finds that the Plaintiff's request for protective measures at the deposition is not well-taken. The Plaintiff has, apparently, reconsidered her initial accusations of malfeasance, and at this juncture, there is no evidence before the Court to indicate that either Plaintiff's counsel or Defendant's counsel would be unable to conduct themselves in a reasonable and professional manner at depositions. To the extent the Plaintiff seeks a protective order, this request is **DENIED**.

The Court finds that the request to quash the Notices of Deposition is now moot, because the depositions have been set to a later date. Specifically, the parties have agreed that the depositions will take place at a designated court reporter's office in Knoxville, Tennessee, on April 3, 2013. The deposition of Donna Hampton will commence at 9:30 a.m. and conclude by 11:00 a.m. The deposition of the Plaintiff will commence at 11:00 a.m. and will conclude by 5:00 p.m. A lunch break will be taken between 1:00 p.m. and 2:00 p.m. Because the relief sought has been rendered moot by the parties' agreement, the request to quash is **DENIED AS MOOT**.

In sum the Motion for Emergency Protective Order and Motion to Quash **[Doc. 11]** is **DENIED IN PART** and **DENIED IN PART AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge